PER CURIAM.
This cause is before us on appeal from an order of the judge of compensation claims (JCC) modifying an award of attendant care. By compensation order of September 1988, claimant was awarded permanent total disability (PTD) benefits and 24-hour-per-day attendant care benefits, to be provided by claimant’s wife, by a professional provider of unskilled attendant care, and by a rehabilitation center. Subsequently, the employer and carrier (E/C) filed petitions for modification of the attendant care award on the basis of section 440.13(2)(e)2, Florida Statutes (1989), under which family members providing attendant care may not be compensated for more than 12 hours per day, and the fact that claimant and his wife had divorced, such that the wife was no longer providing attendant care benefits. The JCC entered an order which provided that claimant was entitled to receive 24 hours per day of attendant care benefits and which accommodated the statutory amendment and change in claimant’s marital status. The order, however, made provisions for periods of time which were covered by the prior compensation order but did not provide that the E/C would receive credit for payments they had made under the prior order. The E/C sought rehearing, and rehearing was denied.
It appears from the briefs and the contentions of counsel during oral argument that the parties are in agreement that claimant is entitled to 24 hours per day of attendant care and that the E/C are entitled to credit for what they have paid under the original compensation order. Accordingly, the attendant care provisions in the order appealed from are affirmed. The denial of rehearing is reversed, and this cause is remanded so that the modification order may be amended to provide that the E/C receive credit or entitlement to a setoff for attendant care benefits they have paid under the original compensation order. The JCC may take additional evidence as to the extent of the E/C’s entitlement.
The order appealed from is affirmed and remanded for proceedings consistent herewith.
BOOTH, SMITH and WEBSTER, JJ., concur.